|     |     |
| --- | --- |
| **1** | UNITED STATES DISTRICT COURT |
| **2** | FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| **3** | OAKLAND DIVISION |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>REUNION MORTGAGE, INC., DAVID THAYER and KENT HARVEY,<br><br>　　　　Defendants. | Case No: C 13-02340 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AS TO DAVID THAYER WITH PARTIAL LEAVE TO AMEND**<br><br>Dkt. 16 |

Plaintiff, United States of America, brings the instant action alleging violations of the False Claims Act ("FCA") and common law claims against Defendants, Reunion Mortgage, Inc. ("Reunion"), Reunion's President and co-owner, David Thayer ("Thayer"), and its Vice-President, Kent Harvey ("Harvey"). The First Amended Complaint ("Amended Complaint") alleges that Defendants fraudulently certified twelve residential loans as qualifying for Federal Housing Administration ("FHA") mortgage insurance. The loans eventually went into default, resulting in Plaintiff having to satisfy over $1.6 million in insurance claims.

The parties are presently before the Court on Defendants' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), which seeks the dismissal of the first through sixth claims alleged in the Amended Complaint as to Thayer. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

## A. FACTUAL SUMMARY

### 1. FHA's Direct Endorsement Lender Program

The following facts are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of the instant motion. Pursuant to Title II of the National Housing Act, 12 U.S.C. §§ 1707 et seq. , the FHA, an entity within the Department of Housing and Urban Development ("HUD"), insures private lenders against loss on single-family home mortgage loans. Am. Compl. ¶ 2, Dkt. 10. Under the FHA's mortgage insurance program, if a homeowner fails to make payments on the mortgage loan and the mortgage holder forecloses on the property, the FHA will pay the mortgage holder the balance of the loan (together with interest due and other costs) and assume ownership and possession of the property. Id. This mortgage insurance program is intended to encourage lenders to make loans to otherwise low and moderate income borrowers that might not otherwise qualify under conventional underwriting requirements. Id. ¶ 24.

As part of its mortgage insurance program, the FHA operates the Direct Endorsement Lender ("DEL") program. Id. ¶ 25. The DEL program grants participating private lenders the authority to approve mortgages that qualify for FHA insurance. Id. The DEL funds the loan if it has decided that the mortgage may be approved for FHA insurance in accordance with FHA rules. Id. ¶ 30. Thereafter, the DEL certifies that the mortgage qualifies for FHA insurance. Id. In turn, FHA endorses the loan on the basis of the DEL's certification and provides the DEL with a mortgage insurance certificate. Id. ¶¶ 30, 31, 44, 46. A DEL must have a qualified underwriter on staff. Id. ¶ 32. The underwriter's responsibilities are critical elements of the DEL Program, and each DEL must certify that its underwriters meet FHA qualifications. Id. ¶¶ 32-35. On an annual basis, the DEL must submit a certification to FHA that it is in compliance with FHA regulations, handbooks and policies. Id. ¶ 26.

## 2. **Defendants' Alleged False Certifications**

From September 12, 2007, until May 10, 2012, Reunion was unconditionally approved for participation in the DEL Program. Id. ¶ 49. Acting as President and the designated broker/officer[1] for Reunion, Defendant Thayer certified annually that Reunion was complying with FHA guidelines. Id. ¶ 50. His certifications state:

> I know or am in the position to know, whether the operations of the above-named mortgagee conform to HUD-FHA regulations, handbooks, and policies. I certify that to the best of my knowledge, the above-named mortgagee conforms to all HUD-FHA regulations necessary to maintain its HUD-FHA approval, and that the above-named mortgagee is fully responsible for all actions of its employees including those of its HUD-FHA approved branch offices.

Id. ¶ 50. The pleadings do not indicate, however, the number of certifications Thayer made or when he submitted them to the FHA.

Prior to its withdrawal from the DEL program on May 10, 2012, Reunion allegedly certified twelve loan transactions, which, in fact, failed to satisfy FHA's underwriting requirements. Id. ¶¶ 52-56. Details regarding each of the certified loans at issue are alleged, including the relevant dates and an explanation of why each certification was false. Id. ¶¶ 60-172. In each instance, Defendants certified to the FHA that the loans met the Direct Endorsement program's requirements for underwriting—allegedly with knowledge that the loans, in fact, had not been properly underwritten and were ineligible for FHA insurance. Id. ¶¶ 3, 58. The twelve certified loans later went into default, which, in turn, caused the FHA to suffer a loss as a result of having to pay on the ensuing insurance claim. Id. ¶¶ 67, 75, 84, 93, 102, 108, 122, 133, 143, 151, 160, 172.

---

[1] As will be discussed in more detail below, a broker soliciting residential mortgages in California must be licensed. While a corporation such as Reunion may be a licensed broker, the corporation must designate an officer through whom it operates. Cal. Bus. & Prof. Code § 10211. Under § 10159.2(a), the designated officer/broker assumes responsibility for supervising and controlling the activities conducted on behalf of the corporation. See 2 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 4:31, at 4-87–4-88.)

**B. PROCEDURAL HISTORY**

On May 22, 2013, Plaintiff filed a Complaint in this Court against Reunion and Thayer. Dkt. 1. Plaintiff filed an Amended Complaint on July 19, 2013, adding Harvey as a party-defendant. Dkt. 10. The Amended Complaint alleges eight claims for: (1) presenting or causing false claims to be presented in violation of the FCA; (2) use of false statements in support of false claims in violation of the FCA; (3) negligence; (4) unjust enrichment; (5) payment by mistake; (6) breach of fiduciary duty; (7) fraudulent transfer in violation of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3304(a)(1); and (8) fraudulent transfer in violation of the FDCPA, 28 U.S.C. § 3304(b)(1)(B).

On behalf of Thayer, Defendants have now filed a motion to dismiss, which presents the following arguments: (1) the first through sixth claims should be dismissed because there is no basis for holding him vicariously liable for the acts of other Reunion employees; and (2) Thayer is not a proper party-defendant to the state law causes of action (third through sixth claims), which are otherwise partially time-barred. The motion has been fully briefed and is ripe for adjudication.

## II. <u>LEGAL STANDARD</u>

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., -- F.3d --, 2013 WL 5712731, at *3 (9th Cir. Sept. 3, 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570 (2007)).

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

## III. DISCUSSION

### A. VICARIOUS LIABILITY

Defendants contend that the Amended Complaint fails to plead facts sufficient to impose individual liability against Thayer with respect to the first six claims, and that he cannot otherwise be held vicariously liable for the alleged misconduct of other Reunion employees. See Mot. at 3-6, Dkt. 16. Plaintiff counters that because Thayer is Reunion's designated broker/officer under California Business & Professions Code § 10159.2(a), he may be held vicariously liable for the acts committed by Reunion employees within the scope of their employment. See Opp'n at 5-7, Dkt. 21.

Under California law, the solicitation of residential mortgages is regulated by the California Department of Real Estate ("DRE"), and only brokers licensed by the DRE or licensed agents acting under the supervision of a broker may engage in residential mortgage solicitations. See Cal. Fin. Code § 22100(a). A corporation is permitted to be a licensed broker only if it designates an officer as the broker ("designated officer/broker") through which the corporation may operate. See Cal. Bus. & Prof. Code §§ 10006, 10158, 10211; Amvest Mortg. Corp. v. Antt, 58 Cal. App. 4th 1239, 1243 (1997) ("if there is no licensed officer, the corporation cannot perform licensed activities."). The designated officer/broker is "responsible for the supervision and control of the activities conducted on behalf of the

corporation by its officers and employees as necessary to secure full compliance with the provisions of this division, including the supervision of salespersons licensed to the corporation in the performance of acts for which a real estate license is required." Cal. Bus. & Prof. Code § 10159.2(a).

The issue of whether the duties imposed by § 10159.2 are sufficient to render a designated broker/officer vicariously liable for the acts of a corporation's employees has been addressed by the Ninth Circuit and the Supreme Court—most notably through the Holley line of cases. In Holley v. Crank, 258 F.3d 1127 (9th Cir. 2001), rev'd, 537 U.S. 280 (2003), an interracial couple sued realtor Triad, Inc. ("Triad"), its owner, David Meyer ("Meyer"), and Triad employee Grove Crank ("Crank") for racial discrimination under the FHA. Although Crank was responsible for the discriminatory conduct giving rise to the action, the Ninth Circuit held that Meyer, as the designated officer/broker for Triad, could be held vicariously liable for Crank's misconduct under traditional agency principles, given the supervisorial duties created by § 10159.2. Id. at 1135-36.

The Supreme Court subsequently reversed and held that the duty to supervise created by § 10159.2 was not, standing alone, sufficient to create a principal-agent relationship between a designated officer/broker and the corporation's employees. Meyer v. Holly, 537 U.S. 280, 290-91 (2003) ("Holly I"). The Court found that "the 'right to control' is insufficient by itself, under traditional agency principles, to establish a principal/agent or employer/employee relationship." Id. at 291. At the same time, the Court left open the question of whether "other aspects of the California broker relationship, when added to the 'right to control,' would, under traditional legal principles and consistent with 'the general common law of agency,' . . . establish the necessary relationship." Id. at 292 (citation omitted).

On remand from the Supreme Court, the Ninth Circuit held that Meyer could be held vicariously liable for Crank's misconduct under traditional agency principles, taking into account the duties created by § 10159.2 coupled with evidence that both individuals

mutually agreed to Meyer's delegation of those duties to Crank. Holley v. Crank, 400 F.3d 667, 669 (9th Cir. 2005) ("Holley II"). The court explained as follows:

> Under general principles of corporate liability, a corporate employee acts on behalf of the corporation, not its owner or officer; as a result, liability in the typical employment relationship runs between the corporation and the salesperson and between the corporation and the supervisor, but not between the salesperson and the supervisor. . . . . <u>Here, however, the real estate corporation and employment relationship at issue are atypical because California law makes the designated real estate broker of a real estate corporation personally responsible for the supervision of the corporation's salespersons</u>. Because Meyer remained Triad's designated real estate broker, he remained personally responsible for the supervision of the corporations's salespersons. <u>When Meyer delegated this responsibility to Crank, he created an agency relationship between himself and Crank, which made Meyer vicariously liable as the principal for the discriminatory actions of Crank as his agent</u>.

Holly II, 400 F.3d at 671 (emphasis added). With respect to Meyer, the court found that there was a factual basis for finding him vicariously liable for Crank's discriminatory conduct based on evidence that he intended to delegate his obligations as Triad's designated officer/broker to Crank, and Crank's consent to the agency relationship. Id. at 673-74.

Subsequent to the Holly decisions, both state and federal courts have addressed the requisite showing to hold a designated broker/officer vicariously liable for the acts of corporate employees under his or her supervision. In Sandler v. Sanchez, 206 Cal. App. 4th 1431 (2012), the California Court of Appeal held that a designated broker/officer could <u>not</u> be held vicariously liable for material misrepresentations made by his employees based on an <u>implied delegation</u> of his statutory duty to supervise under § 10159.2. Citing Holly I and Holly II, the court ruled that "more is needed to create such a unique agency relationship between two employees than the officer's mere inaction." Id. at 1444-45. In contrast, the district court in Rose v. Seamless Fin. Corp. Inc., 916 F. Supp. 2d 1160 (S.D. Cal. 2013) found that the plaintiff had alleged sufficient facts to state a claim for vicarious liability by alleging the existence of an "actual" agreement between the defendant broker/officer and

his employees for the latter to review loan documents and oversee the day-to-day supervision of the corporation's employees. Id. at 1169.

In the instant case, the factual allegations of the Complaint fail to establish the existence of an agency relationship between Thayer and the Reunion employees involved in the alleged wrongdoing. The pleadings merely allege that "Thayer was at all relevant times the President, Director and co-owner of Reunion," Am. Compl. ¶ 12, and that he was Reunion's "designated officer/broker with the responsibility for supervision and control of its employees," id. ¶ 22. But aside from alleging that Thayer provided the required annual certification to HUD, id. ¶ 50, the Amended Complaint fails to present any facts showing that he actually delegated his supervisorial responsibilities under § 10159.2 to his employees or that the employees consented to such delegation. At most, the facts alleged show that Thayer had the right to supervise Reunion's employees, which, without more, is insufficient to establish the requisite principal-agent relationship for purposes of imposing vicarious liability. See Holly I, 537 U.S. at 291; Sandler, 206 Cal.App.4th at 1441-42.

Citing F.D.I.C. v. Cashman, No. C 11-03334 SI, 2011 WL 6002611 (N.D. Cal. Nov. 30, 2011), Plaintiff contends that it need only allege that the corporation's employees were acting within the scope of their employment in order to hold the individual broker/officer vicariously liable for the misconduct of the corporation's employees. Opp'n at 6. That rule, however, applies to the respondeat superior liability of an employer. Cashman, 2011 WL 6002611, at *3. Though the court also found that the broker/officer defendant also could be vicariously liable, it did so without separately analyzing whether there were facts presented to demonstrate the existence of an agency relationship, as set forth in Holly I and Holly II. In the absence of such analysis, the Court finds that Cashman is inapposite for purposes of the issues presented herein.

In sum, the Court finds that Plaintiff has failed to allege sufficient facts to hold Thayer vicariously liable for the actions of Reunion employees in connection with the twelve loans at issue. Accordingly, Plaintiffs' first through sixth claims against Thayer are dismissed insofar as they are predicated upon the actions of Reunion's employees. Plaintiff

is granted leave to amend to allege facts sufficient to establish Thayer's vicarious liability under traditional agency principles.

### B. INDIVIDUAL CLAIMS

#### 1. FCA

Plaintiff's first and second claims allege violations of the FCA. Providing a false certification to the United States to obtain a government benefit may constitute a violation of the FCA. See United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1266-67 (9th Cir. 1996). The elements of a false certification claim are: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, [submitted in a claim to] (4) the government to pay out money or forfeit moneys due." United States ex rel. Hendow v. Univ. of Phoenix, 461 F.3d 1166, 1174 (9th Cir. 2006). An FCA claim may be predicated upon either an express or implied false certification. Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (brackets in original). The difference between these types of claims is as follows:

> Express certification simply means that the entity seeking payment certifies compliance with a law, rule or regulation as part of the process through which the claim for payment is submitted. Implied false certification occurs when an entity has previously undertaken to expressly comply with a law, rule, or regulation, and that obligation is implicated by submitting a claim for payment even though a certification of compliance is not required in the process of submitting the claim. Under both theories, it is the false certification of compliance which creates liability when certification is a prerequisite to obtaining a government benefit.

Id. (internal quotations, brackets omitted and emphasis added).[2]

Defendants argue that Plaintiff has failed to state viable FCA claims as to Thayer on the grounds that there are no allegations that he personally submitted any of the alleged false certifications, and that he cannot be held vicariously liable for the purported misconduct of Reunion employees who were involved in the twelve loans that form the basis of this action. Mot. at 7. Plaintiff responds—without citation to any supporting

---

[2] Though the Amended Complaint does not indicate the nature of the FCA claims, Plaintiff states in its opposition that they are implied false certification. Opp'n at 3.

- 9 -

decisional authority or the presentation of reasoned legal analysis—that Thayer's annual certification that Reunion is in compliance with FHA lending and underwriting requirements is sufficient to render him personally liable under the FCA. Opp'n at 4 (citing Am. Compl. ¶ 50). Plaintiff's response fails on multiple levels.

As a threshold matter, neither of the FCA claims actually alleges that Thayer's liability is premised on his annual certification to the FHA that Reunion is in compliance with DEL program and FHA requirements. To the contrary, both claims are predicated upon the allegedly false individualized certification of <u>each</u> individual loan. See Am. Compl. ¶ 181 ("Defendants Reunion and Thayer certified <u>each</u> of the Covered Transactions for insurance, thereby falsely certifying that the Covered Transactions were eligible for HUD-FHA insurance") (emphasis added); ¶ 187 ("Defendants knowingly submitted false HUD-FHA loan certifications to HUD-FHA, representing, inter alia, that <u>each</u> loan was eligible for HUD-FHA mortgage insurance under the DEL program") (emphasis added). Since the FCA claims, as pled, are dependent upon Reunion's individual, loan-specific certifications, whether Thayer separately submitted an annual certification of compliance to the FHA is inapposite for purposes of the instant motion. See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("'new' allegations contained in the [plaintiff]'s opposition . . . are irrelevant for Rule 12(b)(6) purposes.").

Even if Thayer's annual certifications were alleged as the basis of the FCA claims, Plaintiff has failed to show that such conduct is sufficient to render Thayer personally liable for the allegedly false certifications of the twelve mortgage loans in dispute. As explained in Ebeid, "[i]t is the false certification of compliance which creates liability <u>when certification is a prerequisite to obtaining a government benefit</u>." Ebeid, 616 F.3d at 997 (original emphasis omitted, emphasis added). Here, the government benefit is the FHA's payment on each insurance claim made on the twelve defaulted loans alleged in the pleadings. Am. Compl. ¶ 4. In order to obtain those benefits, Reunion certified that <u>each</u> transaction was eligible for FHA mortgage insurance, when it allegedly was not. E.g., id. ¶¶ 3, 4, 181, 187. In contrast, the purpose of Thayer's annual certification was—not to

obtain the FHA's endorsement as to each loan transaction at issue—but to prospectively maintain Reunion's DEL status with the FHA. See Opp'n at 4; Am Compl. ¶¶ 26, 50. Since the FHA's payment of each insurance claim is alleged to have been dependent on the individualized certification, and not Thayer's annual certification, the Court finds that the specific conduct attributed to Thayer does not state a claim for implied false certification. See Mikes v. Straus, 274 F.3d 687, 701-702 (2d Cir. 2001) (distinguishing between false statement of compliance for participation in Medicare program, which is insufficient to state a false certification claim, and false statement to obtain payment, which is sufficient); c.f. Ebeid, 616 F.3d at 996-97 (citing Mikes with approval).

In sum, the Court finds that Plaintiff has failed to state a claim under the FCA as to Thayer. Plaintiff has failed to allege any conduct that would render Thayer individually liable under the FCA, and, for the reasons discussed above, Plaintiff's allegations are insufficient to establish his vicarious liability. Therefore, Plaintiff's first and second claims under the FCA are DISMISSED with leave to amend.

### 2. Negligence

Plaintiff's third cause of action for negligence requires the existence of a legal duty owed by the defendant to the plaintiff. See Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). Defendants contend that this claim should be dismissed as to Thayer for two reasons: (1) he individually owes no legal duty to Plaintiff; and (2) the claim is at least partially time-barred with respect to all claims paid more than three years prior to the filing of the Complaint on May 22, 2013. Mot. at 7-8.

With regard to the issue of duty, Defendants cite Nevis v. Wells Fargo Bank, No. C 07-2568 MHP, 2009 WL 1458042, at *4 (N.D. Cal. May 26, 2009), which concluded that a designated broker/officer has "no liability to third parties for a breach of this duty absent other factors such as facts giving rise to vicarious liability." Plaintiff does not address, let alone dispute, this contention. The Court construes Plaintiff's lack of response as an acknowledgement that Defendants' argument has merit. See In re Online DVD Rental Antitrust Litig., No. C 09-2029 PJH, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011)

(absent unusual circumstances, failure to respond to argument on merits "viewed as grounds for waiver or concession of the argument").

As an alternative matter, the Court finds that Plaintiff's negligence claim is partially time-barred by the applicable three-year statute of limitations. See 28 U.S.C. § 2415(b) ("every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues"). Defendants argue that all allegedly false claims paid more than three years prior to the filing of the original Complaint on May 22, 2013 are time-barred. See Compl. ¶ 84, 93, 133, 143, 172, 160. Plaintiff responds that the limitations period is tolled where "facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances." 28 U.S.C. § 2416(c). According to Plaintiff, it was unaware of the facts giving rise to its claims until the matter was referred to the U.S Attorney's Office in September 2011. Opp'n at 7.

Plaintiff's tolling argument is misplaced. Under § 2416(c), the question is not when the case was referred to counsel for the United States—but rather—when the government official "charged with responsibility to act" either knew, or reasonably should have known, the facts constituting the elements of a negligence claim. In the instant case, the pleadings are devoid of any facts pertinent to that particular inquiry. See Wasco Prods., Inc. v. Southwall Tech., Inc., 435 F.3d 989, 991 (9th Cir. 2006) (noting that a "[plaintiff] seeking to toll the statute of limitations on various grounds must have included the allegation in their pleadings . . . ."). Since Plaintiff has failed to identify any cognizable grounds for tolling the statute of limitations, the Court finds that Plaintiff's negligence claim, as currently pled, is time-barred as to any claims paid prior to May 22, 2010.

For the reasons stated above, Plaintiff's third claim for negligence as to Thayer is DISMISSED for failure to sufficiently allege that he individually owed a legal duty to Plaintiff. In addition, Plaintiff's negligence claims are partially DISMISSED, as set forth

above on statute of limitations grounds. Plaintiff is granted leave to amend to cure these deficiencies.

### 3. Unjust Enrichment

Defendants move to dismiss Plaintiff's fourth cause of action for unjust enrichment on several grounds, including that such a claim is not legally cognizable. Plaintiff's opposition does not address this argument. In addition, this Court has previously found that unjust enrichment is a remedy, not a cause of action. See Newsom v. Countrywide Home Loans, Inc., 714 F. Supp. 2d 1000, 1009-1010 (N.D. Cal. 2010). Plaintiff's fifth claim for unjust enrichment is therefore DISMISSED without leave to amend.

### 4. Payment by Mistake

The fifth cause of action alleges a common law claim for payment by mistake, which entitles the government "to recover payments when it made those payments under an erroneous belief which was material to the decision to pay." Fort Belknap Housing Dept. v. Office of Public and Indian Housing, 726 F.3d 1099, 1105 (9th Cir. 2013) (internal quotations omitted). Defendants contend that this claim is legally infirm as to Thayer, as there are no allegations that any of the payments at issue were made to him personally, as opposed to Reunion. Plaintiff does not respond to Defendants' argument. Plaintiff's fifth cause of action for payment by mistake is therefore DISMISSED with leave to amend.[3]

### 5. Breach of Fiduciary Duty

Defendants contend that Plaintiff's sixth claim for breach of fiduciary duty is governed by a three-year statute of limitations under 28 U.S.C. § 2415(b), and therefore, the claim is time-barred to the extent that it is based on payments made more than three years prior to the filing of the Complaint. This contention lacks merit. Plaintiff's breach of fiduciary duty claim is predicated upon Reunion and Thayer's participation in the DEL

---

[3] Defendants also assert that a claim for payment by mistake is governed by a three-year limitations period, such that the claim is time-barred as to all government payments made prior to May 2010. However, the claim is governed by a six-year statute of limitations. See 28 U.S.C. § 2415(b); In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 358-59 (D. Conn. 2004); United States v. Intrados/Int'l Mgmt. Group, 265 F. Supp. 2d 1, 13-14 (D.D.C. 2002).

program. As such, a six-year, as opposed to three-year, statute of limitations is applicable. See 28 U.S.C. § 2415(a) ("every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues"); United States v. Incorporated Village of Island Park, 791 F. Supp. 354, 368 (E.D.N.Y. 1992) (finding that a six-year statute of limitations under 28 U.S.C. § 2415(a) applied to government's breach of fiduciary duty claim brought against local government and its officials for abuse of government programs and government funds).

Alternatively, Defendants argue that the breach of fiduciary claim should be dismissed as to Thayer on the ground that Plaintiff has failed to allege that he personally owed a fiduciary duty to Plaintiff. See Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008) (stating elements of a claim for breach of fiduciary duty). Plaintiff offers no response to this argument, which the Court construes as a concession that Defendants' argument has merit. However, it is possible that Plaintiff could state a claim for breach of fiduciary duty against Thayer based on the doctrine of vicarious liability. See Sandler, 206 Cal. App. 4th at 1442-45. Plaintiff's sixth claim is therefore DISMISSED with leave to amend.

IV. **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART, as follows:

1. Plaintiff's first, second, third, fifth and sixth causes of action for violations of the FCA, negligence, unjust enrichment, payment by mistake and breach of fiduciary duty are DISMISSED WITH LEAVE TO AMEND.

2. Plaintiff's fourth claim for unjust enrichment is DISMISSED WITHOUT LEAVE TO AMEND.

3. Plaintiff shall have fourteen (14) days from the date this Order is filed to file a Second Amended Complaint, consistent with the Court's rulings and Rule 11 of the

- 14 -

Federal Rules of Civil Procedure. In the event Plaintiff fails to file a Second Amended Complaint within that time-frame, the dismissal of Plaintiff's claims, as discussed above, will be with prejudice.

    4.    This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated: November 5, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge